1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM D. WEBSTER,

          Plaintiff,

   v.

WASHINGTON STATE FERRIES, et al.,

          Defendants.

CASE NO. C11-5040BHS

ORDER ON DEFENDANTS'
MOTION TO STAY AND
RESET DEADLINES;
PLAINTIFF'S MOTION TO
EXTEND DEADLINES; AND
RENOTING DEFENDANTS'
SUMMARY JUDGMENT
MOTION

This matter comes before the Court on Defendants Washington State Ferries and Chris Blasko's (collectively "Defendants") motion for relief from the deadlines set pursuant to Federal Rule 26 and Local Rule 16. Dkts. 11 & 7. The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion, in part, for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On January 13, 2011, Plaintiff William D. Webster ("Webster") filed suit against Defendants. Dkt. 1. On February 9, 2011, the Court set deadlines for discovery and for the joint status report. Dkt. 7. On May 5, 2011, Defendants moved for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. 9. On May 10, 2011, Defendants moved the Court to reset the deadlines for the 26(f) Conference, Initial Disclosures, and for the Combined Joint Status Report and Discovery Plan. Dkt. 11. Also on May 10, 2011, Webster moved the Court for an extension of time for the same deadlines. Dkt. 12. Webster did not respond to Defendants' motion. On May 18, 2011, Defendants responded to Webster's motion for an extension of time. Dkt. 13. On May 24, 2011, Webster responded to Defendants' motion for summary judgment. Dkt. 14.

## II.  DISCUSSION

### A.     Motion to Stay Deadlines

Defendants move the Court to stay and reset the deadlines set for the 26(f) Conference, Initial Disclosures, and for the Combined Joint Status Report and Discovery Plan (collectively "Deadlines"). Dkts. 11 & 7. Defendants argue that staying the Deadlines will avoid wasteful and unnecessary efforts by the parties because the Defendants believe they will prevail on summary judgment. Webster did not respond to the motion.

When "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion had merit." W.D. Wash. Local Rule CR 7(b)(2). Accordingly, because Webster failed to oppose Defendants' motion, the Court considers this an admission that the motion has merit. *See id.* Additionally, the Court finds good cause to stay the Deadlines because both parties agree that the Deadlines should be extended and because it furthers the Court's interest in the efficient administration of justice. Therefore, the Court will stay the Deadlines pending the resolution of Defendants' motion for summary judgment. The Court, however, will not set dates as requested by Defendants; a new case schedule will be set in the event that Webster prevails on summary judgment.

This stay renders Webster's motion to extend the deadlines (Dkt. 12) moot.

**B.     Notice**

Rule 56(c) informs a plaintiff of what is required to oppose a motion for summary judgment. Fed. R. Civ. P. 56. Generally, a motion under Rule 56 must be granted when there is no disputed question of material fact or where a plaintiff has failed to provide competent evidence (e.g., affidavits, declarations, etc.) to support a claimed disputed question of material fact. In such a case, the party seeking summary judgment is entitled to judgment in their favor, which will generally end a plaintiff's case. When, as here, the motion for summary judgment is based upon a lack of jurisdiction, failure to exhaust administrative remedies, and sovereign immunity, a plaintiff may not simply rely on what his or her complaint states. Instead, a plaintiff must support the allegations within the complaint by setting out specific facts in declarations or otherwise acceptable authenticated documents. Fed. R. Civ. P. 56(c). Here, if Webster fails to adequately respond to the summary judgment motion pursuant to Fed. R. Civ. P. 56(c), summary judgment may be granted and there will be no trial. Fed. R. Civ. P. 56(e)**.**

Because Webster is proceeding pro se, the Court grants Webster additional time to respond to the Defendants' motion. However, Webster shall file his response no later than June 17, 2011. Accordingly, the Court will renote Defendants' motion for summary judgment (Dkt. 9) for consideration on the Court's June 24, 2011, calendar. Defendants may submit a supplemental reply on or before June 24, 2011.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

(1)     Defendants' motion to stay the Deadlines (Dkt. 11) is **GRANTED**;

(2)     Defendants' motion to reset the Deadlines (Dkt. 11) is **DENIED**;

(3)     Webster's motion to extend the Deadlines (Dkt. 12) is **DISMISSED as moot;**

(4)   Defendants' motion for summary judgment (Dkt. 9) is **RENOTED** to

6/24/2011; and

(5)   Webster shall adequately **RESPOND** to Defendants' motion for summary

judgment on or before June 17, 2011. Failure to comply may result in

summary judgment in favor of Defendants.

DATED this 2nd day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4