UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM D. WEBSTER,<br><br>          Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE FERRIES, et al.,<br><br>          Defendants. | CASE NO. C11-5040BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' (collectively "WSF")[1] motion for summary judgment. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants WSF's motion as discussed herein.

**I. PROCEDURAL**

On May 5, 2011, WSF moved the Court to grant summary judgment in its favor with respect to Plaintiff's ("Webster") claimed causes of action. Dkt. 9. On May 24, 2011, Webster responded in opposition to WSF's motion for summary judgment. Dkt. 14.

---

[1] Defendants are Washington State Ferries and Chris Blasko ("Blasko"). Complaint (Dkt. 1).

ORDER - 1

On June 3, 2011, WSF replied. On June 29, 2011, the Court granted a motion for extension of time and renoted the instant motion for consideration on the Court's calendar for July 19, 2011. On July 15, 2011, Webster filed an additional response in opposition to WSF's motion for summary judgment. Dkt. 20.

## II. FACTUAL BACKGROUND

This matter arises out of Webster's dispute with WSF over $375.04 in unpaid wages. Complaint (Dkt. 1) at 5. At all relevant times, the Washington State Ferries employed Webster as an unlicensed merchant seaman and assigned him to the Tacoma/Tahlequah, Vashon Island ferry run. Declaration of Blasko (Blasko Decl., Dkt. 10) ¶ 3. Being so employed, Webster is subject to the 2009-2011 Collective Bargaining Agreement ("CBA") between the State of Washington and the Marine Engineers' Beneficial Association for Unlicensed Engine Room Employees. *Id*. ¶ 4, Ex. 1 at 4-23. The CBA provides "the exclusive remedy with respect to any dispute arising between the Union and the Employer." *Id*. ¶ 10, Ex. 1 at 15-20 (rule 16 of the CBA).

Although WSF admits that it did not pay Webster these wages, it asserts that Webster failed to prepare the required paperwork to receive such wages. *See id.* Blasko is a Fleet Port Engineer for Washington State Ferries and was assigned to audit crewmembers' timesheets. *Id*. ¶ 2; *see also id*. ¶ 5, Ex. 2 at 22-44 (Section B of Ex. 2 describes payroll procedures, including specific instructions for filling out timesheets within a Washington State Ferries' publication). WSF further asserts that it offered to remedy this matter with Webster but he declined and, instead, filed suit against WSF. *Id*. ¶ 9.

Based on the claimed unpaid wages, Webster asserts the following causes of action: (1) violation of 46 U.S.C. § 11109, the supremacy clause, and the Fourteenth Amendment; (2) violation of RCW 49.52.050(2) (willful and intentional deprivation of

ORDER - 2

employee wages, in part or in whole). Complaint at 4-5. Webster requests relief in the amount of $375.04 and requests that amount to be doubled to $750.08. Complaint ¶ 21.

In support of its motion for summary judgment, WSF argues that summary judgment should be granted in its favor because (1) the Court lacks subject matter jurisdiction as to Webster's first cause of action; (2) Webster's pendant state law claims are barred for failure to exhaust his administrative remedies pursuant to the CBA; and alternatively (3) WSF has sovereign immunity from this action under the Eleventh Amendment of the United States Constitution. Dkt. 9 at 10.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    WSF's Motion for Summary Judgment**

   **1.    Federal Question Jurisdiction**

Webster's first cause of action is purportedly based on federal question jurisdiction. Complaint ¶ 20 (citing 28 U.S.C. § 1331, 46 U.S.C. § 11109, the Supremacy Clause (Article VI, paragraph 2), and the Fourteenth Amendment to the Constitution). In opposition, WSF argues such jurisdiction is not present.

To begin with, the Supremacy Clause and the Fourteenth Amendment do not in and of themselves create a right of action. Because Webster makes no actionable constitutional claim, the only remaining basis he asserts for federal jurisdiction is under 46 U.S.C. § 11109. *See* Complaint ¶ 20. However, § 11109 concerns judicial garnishments and attachments of wages. Because this case does not involve a judicial garnishment or an attachment of wages, § 11109 is inapplicable to the instant matter, and the Court lacks jurisdiction over this matter.

Therefore, the Court grants summary in favor of WSF on this issue.

## 2. Exhaustion of Remedies

Although the Court lacks jurisdiction over Webster's asserted, non-actionable federal claims, the Court may still exert supplemental jurisdiction over Webster's pendant state law claims. *See* 28 U.S.C. 1367(a), (c) (a district court having dismissed federal claims may, but is not required, to decline to exercise supplemental jurisdiction over pendant state law claims). The Court exercises supplemental jurisdiction herein over Webster's state law claim.

Webster claims that he is owed wages by WSF and that their failure to pay violates RCW 49.52.050(2). In opposition, WSF argues that, pursuant to the applicable CBA, Webster was required to pursue a remedy under an administrative grievance process, which he failed to initiate. Blasko Decl. ¶ 10. Webster does not deny that he failed to file an administrative grievance but counters that he is permitted to bypass the CBA and seek remedy in this Court for unpaid wages. Dkt. 14 at 5 (citing *U.S. Bulk Carriers Inc., v. Arguelles*, 400 U.S. 351 (1972)).

Although *Arguelles* does provide an exception to the exhaustion of requirements of collective bargaining agreements, the exception is narrow and does not apply to Webster's case. This exception applies only in cases where an alternate, independent remedy, outside of the terms of a collective bargaining agreement is available. *See Cady v. Twin Rivers Towing Co.*, 486 F.2d 1335, 1338 (3rd Cir. 1973) ("The Court in *Arguelles* created a narrow exception to . . . the principle that where the terms of employment were governed by a collective bargaining agreement, an employee, before submitting his claims to court, must attempt the use of the contract grievance procedure . . . . We are unable to discern in *Arguelles* any indication that the Court intended to create for seamen a broad exception to the principle . . . when . . . no alternate statutory remedy is available."); *see also Camean v. F/V Lady Jay*, 654 F. Supp. 709, 711 (D. Mass. 1985) (The plaintiffs' claims did "not present the type of seaman's claim for wages that was

ORDER - 5

sanctioned by the Supreme Court in *Arguelles* . . . [and] [t]herefore, Arguelles may not be interposed as a reason for circumventing the grievance and arbitration procedures set forth in an applicable collective bargaining agreement."); *Kowalik v. Gen. Marine Transp. Corp.*, 550 F.2d 770, 771-72 (2nd Cir. 1977) (a seaman could not avoid the requirement of exhaustion of remedies because his claim for overtime wages was not grounded in 46 U.S.C. § 596). 46 U.S.C. § 596 has been modified and is currently codified in 46 U.S.C. § 10313.

The Fifth Circuit previously explained the applicability of § 10313:

> 46 U.S.C. § 10301(a) states that Chapter 103 of Title 46 (sections 10301-10321) applies to vessels that are on a foreign voyage – a voyage "between a port in the United States and a port in a foreign country (except a port in Canada, Mexico, or the West Indies)" – or an intercoastal voyage – a voyage "between a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean." *See id.* § 10301(a)(1)-(2).

*Kaluom v. Stolt Offshore, Inc.*, 504 F.3d 511, 517 (5th Cir. 2007) (rejecting Kaluom's claim for penalty wages under § 10313 because the statutory framework must be read as a whole and not in isolation; holding that § 10301 modifies § 10313).

Webster's employment as a ferry worker on the Vashon Island voyage does not constitute a foreign voyage and *Arguelles* exception is inapplicable. Webster was therefore bound by the CBA to file a grievance and seek any available remedy for his claimed unpaid wages through an administrative grievance process. *See Camean*, 654 F. Supp. at 711-712 (where a plaintiff's claim for wages cannot be grounded in the *Arguelles* exception, he cannot "bypass contractual grievance resolution steps and proceed directly against his employer in federal court") (citing *Harding v. City of New York (Dept. of Environmental Protection)*, 724 F. Supp. 1129 (S.D.N.Y. 1989) (when the *Arguelles* exception is inapplicable it may not be interposed to use admiralty law to circumvent the grievance process set out in an applicable collective bargaining agreement). There being no other remedy outside of the CBA for Webster's claims, he

was required to pursue any available remedy under the terms of the CBA. *See, e.g., Davis v. State, Dept. of Transp.*, 138 Wn. App. 811, 820-822 (2007) (holding that RCW 49.52.050 does not apply to ferry employees). Webster's failure to exhaust such remedies is fatal to his second cause of action.

Based on the foregoing, the Court grants summary judgment in favor of WSF on this issue.

### 3. Sovereign Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Because WSF is a state agency and because Blasko acted in his official capacity in this matter, absent consent, WSF is not subject to suit in federal court pursuant to the Eleventh Amendment.

Therefore, the Court could also grant WSF's motion for summary judgment on this alternative basis.

### 4. Conclusion

WSF is entitled to summary judgment in this matter based on each of the foregoing reasons, and Webster has not supplied the Court with adequate authority to the contrary.

## IV. ORDER

Therefore, it is hereby **ORDERED** that WSF's motion for summary judgment is **GRANTED** as discussed herein, and Webster's case is **DISMISSED**.

DATED this 11th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge